IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
7:17-CR-70-BR-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANZ DIDYER RAMOS-FERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on two motions to seal by defendant: his renewed motion (D.E. 47) to seal his detention hearing and his motion (D.E. 46) to seal the memorandum (D.E. 45) supporting the renewed motion ("supporting memorandum"). The detention hearing and supporting memorandum have been under provisional seal pending further action by the court. For the reasons set forth below, the motions will be allowed. The court will also set out directives regarding an outstanding sealing issue not addressed in defendant's motion.

I.

The right of public access in criminal cases derives independently from the First Amendment and the common law. *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)).

> "The distinction between the rights of access afforded by the common law and the First Amendment is 'significant,' because the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting [*Baltimore Sun Co. v.*] *Goetz*, 886 F.2d [60,] 64; *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988)). Specifically, the common law presumes a right to access all judicial records and documents, but this presumption can be rebutted if "the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see United States v. Moussaoui*, 65 F. App'x 881, 886 (4th Cir. 2003) (unpublished). On the other hand, the First Amendment provides a right of

access only to particular judicial records and documents, and this right yields only in the existence of a "compelling governmental interest . . . [that is] narrowly tailored to serve that interest." *Va. Dep't of State Police*, 386 F.3d at 575.

*Id.*

Turning initially to the First Amendment right of access, the Fourth Circuit employs the "experience and logic" test to determine whether it applies. *Id.* at 291. That test

ask[s]: "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Goetz*, 886 F.2d at 64 (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-10, 106 S. Ct. 2735, 92 L.Ed.2d 1 (1988)).

*Id.*

The court finds that the First Amendment right of public access applies to the detention hearing and supporting memorandum. Detention hearings have both been historically open to the press and public, and public access has played a significant role in assuring proper decisions are reached. *See United States v. Chagra*, 701 F.2d 354, 363 (5th Cir. 1983) ("Pretrial release proceedings require decisions that attract significant public interest and invite legitimate and healthy public scrutiny."); *In re Globe Newspaper Co.*, 729 F.2d 47, 52 (1st Cir. 1984) ("[T]he bail decision is one on major importance to the administration of justice, and openness will help to assure the public that the decision is properly reached."); *see also United States v. Leonardo*, 129 F. Supp. 2d 240, 243 (W.D.N.Y. 2001) (finding that the public's First Amendment right to access extends to detention hearings).

As stated above, the First Amendment right to access yields only in the existence of a "compelling governmental interest . . . [that is] narrowly tailored to serve that interest." *Va. Dep't of State Police*, 386 F.3d at 575. Moreover, before a court may seal a hearing or document, "it must (1) provide public notice of the request to seal and allow interested parties a reasonable

opportunity to object, (2) consider less drastic alternatives to sealing . . . , and (3) provide specific reasons and factual findings supporting its decision." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288. 302 (4th Cir. 2000) (citing *In re Knight Publ'g Co.*, 743 F.2d at 235-36); *see also In re Washington Post Co.*, 807 F.2d 383, 390-91 (4th Cir. 1986).

Here, the court agrees that there is a compelling interest, and sealing the detention hearing and supporting memorandum is narrowly tailored to serve that interest. Based on the facts and reasons stated in the memorandum supporting the renewed motion (Support. Mem. 1), it therefore finds that the First Amendment right to access has been overcome. Based on these same facts and reasons, the court also finds that alternatives to sealing do not exist at this time.

In addition, interested parties were given a reasonable opportunity to object. The motions to seal were filed on 24 August 2017, and no opposition to them has been filed by any party or non-party.

IT IS THEREFORE ORDERED that defendant's renewed motion (D.E. 47) to seal the detention hearing and motion (D.E. 46) to seal the supporting memorandum are ALLOWED. Defendant's detention hearing and the supporting memorandum (D.E. 45) shall remain SEALED unless and until unsealed by order of the court.

II.

In his initial motion to seal in this case (D.E. 37), defendant apparently sought the sealing of the document at D.E. 36, as noted in the order denying the motion without prejudice. 17 Aug. 2017 Ord. (D.E. 42) 1. In that same order, the court reminded counsel to "stat[e] specifically the matter(s) defendant is seeking to have sealed." *Id.* Nonetheless, in his renewed motion to seal, defendant has not requested that the document at D.E. 36, which has been under provisional seal, remain under seal. Further, the document at D.E 36 contains information the same as or similar to

that contained in the supporting memorandum, which, as set out above, the court has found to merit continued sealing. Indeed, if the document at D.E. 36 were not to be subject to further sealing, the continued sealing of the detention hearing and supporting memorandum could be drawn into question.

IT IS THEREFORE FURTHER ORDERED that, in the event defendant does, in fact, seek the continued sealing of the document at D.E. 36, he shall file a renewed motion to seal it by 27 September 2017. If in lieu of filing a new memorandum in support of this motion defendant wishes to rely on the supporting memorandum, he shall state so in his motion. Otherwise, he shall file a memorandum in support of the renewed motion to seal the document at D.E. 36 and may move separately to seal that memorandum. The government may file a memorandum in response to any renewed motion by defendant to seal the document at D.E. 36 within seven days after the renewed motion is filed. The document at D.E. 36 shall remain provisionally sealed pending further proceedings with respect to it pursuant to this order.

SO ORDERED, this 13th day of September 2017.

James E. Gates
United States Magistrate Judge